## Dellinger Trust

*Rengier, Musser & Stengel,* for accountant.
*A. W. Reese,* for settlor's estate.
*Appel, Herr & Appel,* for beneficiary.
*Alspach & Ryder,* for alternative beneficiary.

APPEL, *J.*, December 31, 1975—Ruth C. Dellinger executed a life insurance trust on August 24, 1959. The income beneficiary, Anne C. Dellinger, having died on March 24, 1975, the corpus is to be distributed. The question to be decided by the court arises from the following subparagraph (a) of section 3 of the trust instrument:

"(a) One-half thereof to the LANCASTER TENNIS CLUB, Lancaster, Pennsylvania, absolutely. It is my hope and desire that this fund be used together with donations from others for the erection of a club house and in the meantime (until other donations for the erection of the club house may be received) that the income be used for the maintenance of tennis courts. If the LANCASTER TENNIS CLUB, Lancaster, Pennsylvania, is no longer in existence at the time of distribution, then one-half of the said share herein provided for the LANCASTER TENNIS CLUB shall be divided equally between my said brothers, PAUL C. DELLINGER and MARTIN C. DELLINGER, their heirs and assigns, and the other one-half share herein provided for the LANCASTER TENNIS CLUB shall be distributed to the BOYS' CLUB OF LANCASTER, INC., Lancaster, Pennsylvania."

The Lancaster Tennis Club was incorporated as a nonprofit corporation by decree of the Court of Common Pleas of Lancaster County dated April 24, 1939. It was a noncharitable organization. We note that Ruth C. Dellinger was one of the seven charter members. By decree dated December 20, 1963, the same court approved articles of merger of the Lancaster County Riding Club and Lancaster Tennis Club whereby the merged nonprofit corporation was named Lancaster County Riding and Tennis Club.

It is the position of the Lancaster County Riding and Tennis Club that it is entitled to receive the sum to be distributed. The Boys' Club of Lancaster, Inc. asserts that, by reason of the merger, the Lancaster Tennis Club "is no longer in existence" and that the gift over provisions are applicable.

Although counsel for the Riding and Tennis Club has submitted that Bodine Trust, 429 Pa. 260, 239 A. 2d 315 (1968), is controlling of our disposition of the matter, it is our belief that it does not control. It is our belief that the analysis in Leffmann Trust, 378 Pa. 128, 105 A. 2d 115 (1954), is more determinative of the conclusion to be reached.

In Bodine, the settlor provided for a gift of income to the Woman's Hospital of Philadelphia to be used for out-patient and social service work and "'If at any time an event occurs which would necessitate the application of the doctrine of cy pres to this trust fund in the absence of a gift over then'" to Kenyon College. Upon Woman's Hospital having merged with the University Hospital, the donee of the gift over, Kenyon College, asserted its entitlement to the income. The lower court concluded "'that by reason of the discontinuance of the Woman's Hospital as a separate corporate entity the income [of the trust] should be awarded to the Trustees of Kenyon College.'" The Supreme Court reversed, holding that the "consummation of a merger per se in no way affects or frustrates the charitable purposes of a trust fund and does not generate an event which would necessitate the application of cy pres." The court pointed to the provisions of section 809 of the Act of May 5, 1933, P.L. 289, as amended, 15 P.S. §7809, providing that gifts shall inure to the surviving or new consolidated corporation upon

merger or consolidation. The specific language of the section is the following:

"Any devise, bequest, gift or grant contained in any will or other instrument, in trust or otherwise, made before or after such merger or consolidation, to or for any of the constituent corporations, shall inure to the surviving or new consolidated corporation, as the case may be."

The court mentioned that the contemplated use of the funds by the University Hospital will be in conformity with the intent of the settlor.

We note that the matter now before the court differs from Bodine. In the latter case, the event which would effectuate the gift over was one which would necessitate the application of cy pres. Because of the provisions of the Nonprofit Corporation Law then in effect, whereby the new corporation became entitled to the income from the fund, there existed no necessity to apply cy pres and the event on which the gift over was intended to take effect had not occurred.

In the matter now before the court, the event upon which the gift over is to take effect is that the Lancaster Tennis Club be no longer in existence. The event of existence or nonexistence is different from that of applicability of cy pres as in Bodine. Since the event on which the gift over is to occur differs, we are unable to conclude that Bodine is controlling in the present case.

In Bodine, the applicable statute was Nonprofit Corporation Law of 1933, as amended. Although the Corporation-Not-for-Profit Code of November 15, 1972, P.L. 1063 (No. 271), 15 Pa.C.S. §7101, is now in effect, we nevertheless conclude that the 1933 act as amended is presently applicable. Our conclusion is based on the fact that the decree of

merger of the Lancaster County Tennis Club and the Lancaster County Riding Club was entered by the court on December 20, 1963, and also on the fact that Ruth C. Dellinger, the Settlor, died in 1965.

The statutory provisions pertaining to gifts inuring to the surviving or new corporation, set forth in section 7809, above quoted, are not applicable in every consolidation or merger. Mr. Justice Cohen stated in Bodine that they were not applicable if the settlor has evidenced a contrary intent. The initial inquiry to be made is whether Ruth C. Dellinger indicated a contrary intent. If she did indicate a contrary intent, it must be found in the words, "is no longer in existence at the time of distribution." The language quoted states an intention that under the circumstances set forth, that is, upon the Tennis Club being no longer in existence, the gift over is to take effect. An intention having been stated, it is necessary to determine whether it has or has not occurred. If it has occurred, then the statutory provision of section 7809 that gifts inure to the surviving or new corporation is of no effect.

Our inquiry must be with regard to the word, "existence." Is existence limited to corporate status or does it pertain to whether the purposes, activities and undertakings being provided and performed at the time the word was used are continuing to be provided and performed?

In analyzing the question which has been stated, an understanding of Leffmann Trust, 378 Pa. 128 (1954), is helpful. By a voluntary deed of trust, income was payable in equal shares to three charitable organizations, one of which was Jewish Hospital Association of Philadelphia. The trust instrument provided that income "'shall be paid to and divided equally between such of them as may have

or continue to have a separate corporate existence.'" In 1952, the Jewish Hospital Association and two other hospitals effected a consolidation whereby a new corporation known as the Albert Einstein Medical Center came into existence. The question presented was whether the Jewish Hospital Association of Philadelphia so lost its corporate existence as to deny to it its right to one-third of the income. President Judge Smith, of the Court of Common Pleas of Philadelphia County, concluded that the Einstein Medical Center was not entitled to the share to which the Jewish Hospital Association had been entitled. In an opinion affirmed per curiam by the Supreme Court, Judge Smith said: "It is apparent that the Jewish Hospital Association of Philadelphia has ceased to exist as a corporate entity. The Albert Einstein Medical Center is a new and separate corporation since the consolidation." He further stated: "The Jewish Hospital Association of Philadelphia not only has not a separate corporate existence; it has no corporate existence at all."

The language in Leffmann which expresses the event on which the gift over shall occur differs from the language which appears in the present instrument. In Leffmann the words are "to have a *separate corporate existence,*" and here the word is *"existence"* without modifier. (Emphasis supplied.) In Leffmann, the settlor specifically and definitely established separate corporate existence as a requisite for the continuing receipt of the gift. In Dellinger there is no mention of corporate existence and it is not for the court to add words which are not present.

Assume that a nonprofit corporation being a beneficiary of a gift, as in Leffmann and Dellinger,

decides to become an unincorporated association, but to continue to provide and perform the same functions, activities, pursuits and undertakings as theretofore. Because "corporate" existence is a requisite of Leffmann, we deem that the unincorporated association would not be entitled to a continuation of the legacy. However, since the sole criteria in Dellinger is existence alone and since everything about the beneficiary would have remained the same, excepting as to the type of entity, we would deem that the unincorporated association would be entitled to a continuation of the legacy. It appears from this example that the circumstances under which the gift over is to occur differ in Leffmann and Dellinger and that the existence or nonexistence of the entity itself is not controlling in the matter now before us. We recognize that there must be some continuity in determining whether there is an existence or whether it has terminated. In our opinion, the necessary continuity is fully apparent from the fact that the plan of merger provides for a continuation of the members, the purposes, activities and undertakings which were provided and performed by the Lancaster Tennis Club. The conclusion that the requisite continuity is present as to the gift to the Lancaster Tennis Club is fortified by the clause of section 7809 of the Nonprofit Corporation Law in the previously quoted sentence in which the act mentions a gift "to or for any of the constituent corporations." Regardless of whether the Lancaster Tennis Club has continued as a corporation, it has nevertheless been one of the constituent corporations forming the Lancaster County Riding and Tennis Club, which organization provides and performs the purposes, activities and undertakings of the Lancaster Ten-

nis Club. The fact that an organization formed to foster and encourage tennis and to provide facilities therefor has broadened its sphere so that it also fosters and encourages riding and to provide facilities for that sport does not, in our opinion, cause the loss of a gift intended for it.

We, therefore, conclude that the event giving rise to the gift over has not occurred, that the Lancaster Tennis Club is now in existence, insofar as the intention of the settlor has been stated, and that an award to the Lancaster County Riding and Tennis Club is to be made of the sum provided.

An adjudication in conformance with the conclusions stated herein will be filed herewith.